STATE OF HAWAII, Plaintiff-Appellee, *v.* ALBERT HILONGO, JR., Defendant-Appellant

NO. 7720

CRIMINAL NO. 53131

MAY 24, 1982

RICHARDSON, C.J., LUM, NAKAMURA, PADGETT, JJ., AND RETIRED JUSTICE MENOR IN PLACE OF ASSOCIATE JUSTICE HAYASHI, DISQUALIFIED

*Per Curiam.* This is an appeal from a conviction of appellant, a previously convicted felon, for owning or having in his possession or under his control, a firearm in violation of § 134-7(b) of the Hawaii Revised Statutes. The principal contention on appeal is that there was a prejudicial joinder of appellant's indictment for possession of a firearm in Criminal No. 53131 with his indictment for murder in Criminal No. 52876. The jury acquitted appellant on the murder charge.

In this case, after appellant had been indicted for murder, an additional two-count indictment was returned, charging him with being a convicted felon in possession of a firearm and of a hand grenade. The State moved to consolidate the three charges. After a hearing, the court below granted the consolidation as to the murder and possession of a firearm charges and refused it as to the hand grenade charge. Thereafter, prior to trial, appellant moved for

a severance of the two charges consolidated, which motion was denied.

At play in this case are three rules adopted as part of the Hawaii Rules of Penal Procedure. Rule 8(a) provides:

*Joinder of Offenses.* Two or more offenses may be joined in one charge, with each offense stated in a separate count, when the offenses:

(1) are of the same or similar character, even if not part of a single scheme or plan; or

(2) are based on the same conduct or on a series of acts connected together or constituting parts of a single scheme or plan.

Rule 13(a) provides:

*Generally.* The court may order consolidation of two or more charges for trial if the offenses, and the defendants if there are more than one, could have been joined in a single charge.

Rule 14 provides:

RELIEF FROM PREJUDICIAL JOINDER

If it appears that a defendant or the government is prejudiced by a joinder of offenses or of defendants in a charge or by such joinder for trial together, the court may order an election or separate trials of counts, grant a severance of defendants or provide whatever other relief justice requires.

At the hearing on the motion to consolidate, the State's attorney stated:

One of the charges is apparent on its face is a Felon in Possession of a Firearm charge. The offer of proof that I have to make in terms of that in regards to the murder trial is that there will be testimony or the State expects there to be testimony in evidence that indicates that the victim in this case was hit in the face with a handgun. And furthermore, that the Defendant made a statement to the effect that he had hit the victim in the face prior to killing her with the handgun.

This will also be supported by the testimony by Dr. Majoska who will indicate that the blows to the face of the victim are consistent or the injuries to the face of the victim are consistent with having been hit in the face with the handgun.

That offer of proof constituted a sufficient showing that the offenses of being a convicted felon in possession of a handgun and the

murder were based on a series of acts connected together and thus, satisfied Rule 13(a). The consolidation, therefore, was not erroneous. Moreover, based upon the record at the time of the hearing, there was no error in denying appellant's later Rule 14 pre-trial motion for severance.

Appellant argues that, at trial, Dr. Majoska's testimony was inconsistent with the prosecutor's representation at the pre-trial hearing. This is not strictly accurate because the witness was never asked at trial whether the injuries to the face of the victim were consistent with having been hit in the face with a handgun. On cross-examination, he did state that there was nothing in the appearance of the facial wounds to suggest the use of any instrument such as a hammer but he also stated that anything is possible. Moreover, appellant's argument overlooks the testimony of Phyllis Webster that appellant told her that he had smashed the face of the decedent, Carol Hendra, with the gun. Thus, there was, at trial, evidence connecting the two charges which had been joined.

In addition, under *State v. Matias*, 57 Haw. 96, 550 P.2d 900 (1976), appellant's failure to renew the motion to sever under Rule 14 during the course of the trial waived any claimed error. Accordingly, the judgment below is affirmed.

*Jerry I. Wilson (Wilson & Berman* of counsel) for appellant.

*Arthur E. Ross (Mark S. Kawata* on the brief), Deputy Prosecuting Attorney, for appellee.