STATE OF HAWAII, Plaintiff-Appellee, *v.* RANDALL PETER WHITE, Defendant-Appellant, and JANET LEE BONHAM, also known as Lisa, and RAYMOND LIONEL ROSE, Defendants

NO. 9665

(CRIMINAL NO. 57988)

AUGUST 21, 1985

BURNS, C. J., HEEN AND TANAKA, JJ.

OPINION OF THE COURT BY BURNS, C. J.

The issues and our answers are: 1) Did the trial court abuse its discretion when it denied defendant Randall Peter White's pretrial and trial motions to sever his trial from co-defendant Janet Lee Bonham's trial? No. 2) Is our opinion in *State v. Reyes,* 5 Haw. App. 651, 706 P.2d 1326 (1985), applicable in this case? Yes.

On December 16, 1982 Bonham, also known as Lisa, Raymond Lionel Rose, and White were indicted for 1) the murder of and 2) conspiracy to murder Gary Angel. Sharon A. T. Bishaw was an unindicted co-conspirator.

On October 6, 1983 White moved for severance "on the grounds that Defendant White's defense of alibi or lack of identification is antagonistic to Defendant Bonham's anticipated defense [of] lack of mental state." The trial court denied the motion.

On October 14, 1983 Rose pled guilty to manslaughter and

In our view, the significant facts are that White was not prevented from presenting his evidence, and no evidence damaging to White's case was introduced in the joint trial that would not have been admissible in a trial of White only. Consequently, neither of the foregoing possible prejudices nor their combination is sufficient to convince us that White was denied a fair trial. Thus, we cannot conclude that the trial court abused its discretion in denying White's motion for severance.

## II.

*Sua sponte* we note that the same problem exists in this case as existed in *Reyes, supra.* White was adjudicated guity of both conspiracy to commit the murder and the murder. For the reasons stated in *Reyes, supra,* we vacate the sentence and judgment with respect to counts I (murder) and II (conspiracy to commit murder) and remand for dismissal of count II and imposition of sentence and judgment with respect to count I only.

## III.

We find no merit in White's two other points on appeal.

## IV.

We vacate the sentence and judgment with respect to counts I and II and remand for dismissal of count II and imposition of sentence and judgment with respect to count I only.

*Lamont Cranston Strong,* associate counsel, (*Strong and Ward,* Chicago, Illinois) (with him on the briefs *Michael A. Weight*) for appellant.

*Shirley Smith,* Deputy Prosecuting Attorney, for appellee.