STATE OF HAWAI`I, Plaintiff-Appellee,
v.
LANCE LARSON AHQUIN, aka Lance L. Ah Quin, Defendant-Appellant, and
KEITH DANIELS GOMES, Defendant.
STATE OF HAWAI`I, Plaintiff,
v.
KEITH DANIELS GOMES, Defendant.
Nos. 27916, 05-1-1181
Intermediate Court of Appeals of Hawaii.
April 11, 2008.
On the briefs:
Linda C.R. Jameson for Defendant-Appellant.
Donn Fudo, Deputy Prosecuting Attorney, City and County of Honolulu, for Plaintiff-Appellee.

SUMMARY DISPOSITION ORDER
RECKTENWALD, C.J., FOLEY and NAKAMURA, JJ.
Defendant-Appellant Lance Larsen Ahquin, also known as Lance L. Ah Quin, (Ahquin) appeals from the Judgment of Conviction and Sentence filed on March 31, 2006 in the Circuit Court of the First Circuit (circuit court).[1] A jury convicted Ahquin of two counts of Assault in the Second Degree, in violation of Hawaii Revised Statutes (HRS) § 707-711 (1993).
On appeal, Ahquin contends the circuit court (1) abused its discretion in granting the motion to consolidate all cases filed by the State of Hawai`i (State) or, alternatively, in denying (a) the defense's motion to sever the bribery charge against Ahquin's co-defendant, Keith Daniel Gomes (Gomes), from the consolidated assault charges of both Ahquin and Gomes or (b) Ahquin's oral motion to sever his and Gomes's trials; and
(2) erred by entering a conviction on both counts of Assault 2 after the circuit court had stated that one of the two assault counts would be dismissed.
Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, as well as the relevant statutory and case law, we resolve Ahquin's points of error as follows:
(1) The circuit court did not abuse its discretion in granting the State's motion to consolidate all cases. State v. Matias, 57 Haw. 96, 98, 550 P.2d 900, 902 (1976). Ahquin was not prejudiced by the circuit court's denial of his motion to sever Gomes's trial on the bribery charge from the consolidated trial on the assault charges. Ahquin did not renew his motion during the course of the trial. Ahquin's failure to renew his pretrial motion for severance waives the claim. State v. Hilongo, 64 Haw. 577, 579, 645 P.2d 314, 316 (1982). There is no indication that Ahquin was denied a fair trial and "[w]hat might have happened had the motion for severance been granted is irrelevant speculation." State v. Gaspar, 8 Haw. App. 317, 327, 801 P.2d 30, 35 (1990) (quoting State v. White, 5 Haw. App. 670, 672, 706 P.2d 1331, 1333 (1985)).
(2) Although the circuit court stated at sentencing that it would dismiss one of Acquin's convictions for the two counts of Assault in the Second Degree, the circuit court, in the Judgment of Conviction and Sentence, instead merged the two counts "for purposes of sentencing." The State agrees with Ahquin that the Judgment of Conviction and Sentence should be corrected to reflect (a) the dismissal of one count of Assault in the Second Degree and (b) the conviction and sentence on the remaining count.
Therefore,
The Judgment of Conviction and Sentence filed on March 31, 2006 in the Circuit Court of the First Circuit is vacated, and this case is remanded to the circuit court to enter a new judgment consistent with this order.
NOTES
[1] The Honorable Steven S. Alm presided.