The **FIDELITY & CASUALTY COMPANY OF NEW YORK** et al.,
Appellants,

v.

**Jessie Dale Long MILLS**, Appellee.

No. 20261.

United States Court of Appeals
Fifth Circuit.

June 12, 1963.

Richard H. Switzer, Wilton H. Williams, Jr., Shreveport, La., Blanchard, Goldstein, Walker & O'Quin, Lunn, Irion, Switzer, Trichel & Johnson, Shreveport, La., of counsel, for appellant.

Percy N. Browne, Malcolm E. Lafargue, Shreveport, La., for appellees.

Before TUTTLE, Chief Judge, and RIVES and MOORE,* Circuit Judges.

PER CURIAM.

The principal ground of appeal in this case is the action of the trial court in separating the main suit in this automobile liability case by the representative of the decedent against the insurance carrier of United Gas Pipeline Company from the third party actions brought by United Gas Company v. Yuba Consolidated Industries, and by Yuba v. one Magourik, and his insurance carrier, and one by Magourik and his carrier against Central Construction Company, Inc., and its insurance carrier. This separation of the issues for the purpose of trial was made by the trial court on its own motion. Rule 42(b) of the Federal Rules of Civil Procedure gives the trial court broad discretion to order a separate trial of any claim, or third party claim, of any separate issue in order to

---

* Of the Second Circuit, sitting by designation.

**64**

further convenience or to avoid prejudice.

██ Upon careful consideration of the position here urged by the appellant, we conclude that the trial court did not abuse this discretion.

██ We find no merit in the appellant's contention that the trial court erred in permitting the case to go to the jury because of want of substantial evidence of any active negligence on the part of the appellant's insured or because "the sole proximate cause of the accident and death of Mills was the negligence of Melvin Smith." The claimed error as to intervening efficient cause and as to proximate cause was not objected to and is therefore not before us for consideration.

We consider that the appeal here is not frivolous nor is it apparent that it was taken for delay only. The appellee is, therefore, not entitled to 10% damages in addition to interest as a penalty for a frivolous appeal.

The judgment is

Affirmed.