United States Court of Appeals,

Fifth Circuit.

No. 91–1815.

FEDERAL DEPOSIT INSURANCE CORPORATION, As Manager of the FSLIC Resolution Fund as Receiver For Vernon Savings and Loan Association, FSA, Plaintiff–Appellee,

v.

SELAIDEN BUILDERS, INC., Robert Selaiden, Charles Selaiden, and Jack McJunkin, Defendants–Appellants.

Oct. 1, 1992.

Appeal from the United States District Court for the Northern District of Texas.

Before WISDOM, SMITH and EMILIO M. GARZA, Circuit Judges.

EMILIO M. GARZA, Circuit Judge:

This action involves certain notes and guaranties executed for the purchase and construction of an apartment project known as the University Crossroads Condominiums. The defendants appeal the summary judgment granted against them in favor of the FDIC–Receiver, alleging that the FDIC–Receiver failed to establish that it was the owner and holder of the notes and guaranties. We affirm in part and reverse in part.

I

Selaiden Builders, Inc. (Selaiden Builders) executed in favor of Vernon Savings & Loan Association (Old Vernon) one note in the amount of $343,000 (Vernon Note # 1—the secured loan)[1]

---

[1]According to the complaint, "The Note was secured by a Subordinate Lien Deed of Trust and Security Agreement, granting a second lien in ... property known as University Crossroads Condominiums." Record on Appeal, vol. 1, at 3, *FDIC v. Selaiden Builders, Inc.,* No. 91–1815 (5th Cir. filed Aug. 12, 1991) ["Record on Appeal"]. This note "was subordinate to a $4,130,800.00 loan and deed of trust granting a first lien on the same property, and payable to RepublicBank Dallas." *Id.* The lien had been granted to RepublicBank in exchange for a deed of trust note to the University Springs Joint Venture in the principal amount of $4,130,800 (the USJV Note). Record on Appeal, vol. D, at 34. The USJV Note was executed by Dondi Residential Properties, Inc. (DRIPI) and was guaranteed (the USJV Guaranty) by Don Dixon and Dondi Residential Properties, Inc.—which was a wholly-owned subsidiary of Old Vernon. Prior to the initiation of this lawsuit, RepublicBank foreclosed on its lien on the University Crossroads Condominiums. It did not, however, fully recover the remaining balance on the USJV Note. As a result of the foreclosure, Vernon Note # 1 became unsecured. Following RepublicBank's

and another note in the amount of $232,000 (Vernon Note # 2—the unsecured loan). As part of the transaction involving the Vernon Notes, Robert Selaiden, Charles Selaiden, and Jack McJunkin each executed unconditional guaranties on both notes.[2] The following year, Selaiden Builders renewed the Vernon Notes—to $509,800 and $433,000, respectively—and the maturity date for both notes was extended a year. The original guarantors also executed renewal agreements.[3] After the notes became due, the defendants defaulted on their obligations.

The Federal Home Loan Bank Board (FHLBB) declared Old Vernon insolvent and appointed the FSLIC as receiver for Old Vernon. Simultaneously, the FHLBB created Vernon Savings and Loan Association, F.S.A. (Vernon, F.S.A.), and approved an acquisition agreement between the FSLIC as receiver for Old Vernon and Vernon, F.S.A., whereby Vernon, F.S.A. acquired substantially all the assets of Old Vernon. The FHLBB appointed the FSLIC as receiver for Vernon, F.S.A., which entity then succeeded to the assets of Vernon, F.S.A.

The FSLIC as receiver for Vernon, F.S.A. filed this lawsuit against Selaiden Builders, Robert Selaiden, Charles Selaiden, and Jack McJunkin to recover on the notes and guaranties executed in favor of Old Vernon. The defendants answered the lawsuit, asserting several affirmative defenses, and, in addition, the defendants asserted a counterclaim and a claim of offset based on the deficiency on the USJV Note that Jack McJunkin acquired prior to suit.[4]

---

foreclosure on the USJV Note, RepublicBank was placed into receivership, and the FDIC as receiver for RepublicBank assigned the remaining balance on the USJV Note, as well as the USJV Guaranty, to NCNB Texas National Bank (NCNB). Approximately one month after this lawsuit was commenced, Jack McJunkin purchased from NCNB the USJV Note and the USJV Guaranty.

[2]The guaranties were continuing in nature and covered renewals, extensions, and modifications of the original notes. Record on Appeal, vol. A, at 55–70.

[3]Jack McJunkin's guaranty was limited to 60 percent of the amounts owed on the notes. Record on Appeal, vol. A, at 30; *id.* at 45.

[4]*See supra* note 1. The defendants contend that the plaintiff is liable for these liabilities. *See* Record on Appeal, vol. 1, at 61–62.

The FDIC as receiver for Vernon, F.S.A. (FDIC–Receiver)[5] filed a motion to sever the defendants' counterclaim and claim of offset and also a motion for summary judgment on the notes and guaranties.[6] Thereafter, the defendants moved to strike the affidavits of Robert St. John and Wilma Howl (the Affidavits)—which the FDIC–Receiver submitted in support of its motion for summary judgment. The district court denied this motion, and issued an order which (i) granted the FDIC–Receiver's motion to sever, ruling that "[t]he Court, in its discretion, is of the opinion that the counterclaim and claim of offset should be severed"; and (ii) granted the FDIC–Receiver's summary judgment motion only to the extent that "the defendants' affirmative defense/counterclaim of breach of good faith and fair dealing is barred as a matter of law." Record on Appeal, vol. 3, at 526.

Upon the FDIC–Receiver's motion for reconsideration of the partial denial of the summary judgment motion, the district court granted the FDIC–Receiver's motion for summary judgment. The district court denied defendants' motion to reconsider, and entered judgment in favor of the FDIC–Receiver. The defendants now appeal, contending that the district court erred by severing the defendants' claims arising out of the USJV Note and by granting the FDIC–Receiver's motion for summary judgment.

II

A

The defendants contend that the district court erred in severing the claims arising out of the

<hr />

[5]The FDIC–Receiver replaced the FSLIC as receiver for Vernon, F.S.A. pursuant to the Financial Institutions Reform, Recovery and Enforcement Act (FIRREA), P.L. No. 101–73, 103 Stat. 183 (1989). *See* FIRREA § 401(a), 103 Stat. 354, *codified at* 12 U.S.C. § 1437 note.

[6]The summary judgment evidence submitted by the FDIC–Receiver consisted of: (i) Resolution No. 87–1191—Appointment of Receiver for Vernon Savings and Loan Association, FSA; (ii) $343,000 Subordinate Lien Deed of Trust Note; (iii) Renewal, Extension, Increase and Modification Agreement for the $343,000 Note; (iv) $509,800 Renewal, Extension, Increase and Modification Subordinate Lien Deed of Trust Note; (v) Renewal, Extension, Increase and Modification Agreement for $232,000 Note; (vi) $433,000 Renewal, Extension, Increase and Modification Note; (vii) Unconditional Guaranties; (viii) FSLIC as Receiver for Vernon F.S.A. Interest Calculation Printouts as of January 8, 1990; (ix) Affidavit of Robert St. John; and (x) Affidavit of Wilma Howl.

USJV Note.[7] The defendants allege that the FDIC–Receiver did not sustain its burden of proving that a severance should be granted and none of the factors favoring severance was present in this case. The defendants also contend that the Vernon Notes and the USJV Note and USJV Guaranty are both liquidated claims, concerning the same transaction or occurrence.

The determination whether to grant a motion to sever a counterclaim rests with the broad discretion of the district court. *See United States v. 499.472 Acres of Land More or Less,* 701 F.2d 545, 549–50 (5th Cir.1983). We will overrule a district court's decision to order a severance only upon a showing that the district court abused its discretion. *Fidelity & Casualty Co. v. Mills,* 319 F.2d 63 (5th Cir.1963). A district court may order a severance when it determines that severance is "in furtherance of convenience or to avoid prejudice, or when separate trials will be conducive to expedition or economy." Fed.R.Civ.P. 42(b). A district court may sever a case upon its own motion.

---

[7]The defendants contend initially that their recoupment claim was not severed in the July order because: (i) the FDIC–Receiver did not mention the recoupment claim in its motion to sever and (ii) the July order referred only to the counterclaim and the affirmative defense of offset.

The district court's order contains the following language:

The plaintiff filed this action in January, 1989, seeking recovery on two promissory notes. Jack McJunkin, Charles Selaiden and Robert Selaiden filed their answers, and as well asserted a counterclaim and claim of offset against the Federal Savings and Loan Insurance Corporation, the predecessor to the plaintiff. The plaintiff has moved to sever the counterclaim and claim of offset of the three defendants *which arises out of a RepublicBank/Dallas promissory note* [USJV Note], other than the two upon which the plaintiff seeks recovery. The Court, in its discretion, is of the opinion that the counterclaim and claim of offset should be severed. Such counterclaim and claim of offset raised by Jack McJunkin, Charles Selaiden and Robert Selaiden is hereby severed from the above-captioned action for separate disposition.

Record Excerpts, tab 2, at 2, *FDIC v. Selaiden Builders, Inc.,* No. 91–1815 (5th Cir. filed Sept. 20, 1991) (emphasis added).

The defendants read this language such that the recoupment claim survives the severance ordered by the district court. We do not read this language so narrowly. The district court explicitly refers to claims *which arise out of* the USJV Note—other than the Vernon Notes upon which the plaintiff seeks recovery. We read this language as severing all claims arising out of the USJV Note and Guaranty. This necessarily encompasses the defendants' claim of recoupment and we therefore find that this claim was severed from the FDIC–Receiver's main action.

*Mills,* 319 F.2d at 63.

We find that the district court properly exercised its discretion in severing the defendants' claims arising out of the USJV Note from the FDIC–Receiver's action. First, the defendants' claims arising out of the USJV Note and its claims arising from the Vernon Notes and Guaranties are unrelated.[8] Second, the University Crossroads Condominiums—which the defendants allege is the common collateral to both the USJV Note and the Vernon Notes—were sold and the lien released before this lawsuit was initiated and before Jack McJunkin bought the USJV Note.[9] The defendants' claim on the deficiency on the USJV note did not arise at the same time as the plaintiff's claim on the Vernon Notes and Guaranties and does not involve the same parties. Indeed, the claim on the deficiency on the USJV Note has nothing in common with the FDIC–Receiver's claim on the Vernon Notes and Guaranties. Accordingly, we hold that the district court properly exercised its broad discretion in severing the defendants' claims based on the USJV note purchased by McJunkin.

B

Defendants assert that the district court erred in granting summary judgment in favor of the FDIC–Receiver. This court has noted that "suits on promissory notes provide fit grist for the summary judgment mill." *FDIC v. Cardinal Oil Well Servicing Co.,* 837 F.2d 1369, 1371 (5th Cir.1988). Summary judgment is appropriate if the movant demonstrates that there is an absence of genuine issues of material fact. *Topalian v. Ehrman,* 954 F.2d 1125, 1131 (5th Cir.1992). "[T]he substantive law will identify which facts are material." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 106 S.Ct. 2505, 2510, 91 L.Ed. 202 (1986). Such a showing entitles the movant to judgment as a matter of law. Fed.R.Civ.P. 56(c). The movant accomplishes this by informing the court of the basis for its motion, and by identifying portions of the record which reveal that there are no genuine material fact issues. *See Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548,

---

[8]*See supra note 1.*

[9]*Id.*

2553, 91 L.Ed.2d 265 (1986). Once the movant produces such evidence, the nonmovant must then direct the court to evidence in the record sufficient to establish that there is a genuine issue of material fact for trial. *See id.* at 323–24, 106 S.Ct. at 2553. In considering the defendants' challenge to this summary judgment, we review the record de novo. *See Topalian,* 954 F.2d at 1131.

The defendants contend that the district court erred in granting summary judgment because the FDIC–Receiver failed to establish that it is the owner and holder of the notes and guaranties. The defendants allege that the FDIC–Receiver did not establish that the notes and guaranties were transferred from (i) Old Vernon to the FSLIC as receiver for Old Vernon, then to (ii) Vernon, F.S.A., then to (iii) the FSLIC as receiver for Vernon, F.S.A., and then to (iv) the FDIC–Receiver. Specifically, according to the defendants, the FDIC did not prove that the notes and guaranties were transferred from Old Vernon to Vernon, F.S.A.[10] At oral argument, the FDIC–Receiver conceded that the Purchase & Assumption Agreement verifying the transfer from the FSLIC as receiver for Old Vernon to Vernon, F.S.A. is not in the record, but asserted that there is nonetheless sufficient evidence to establish that the FDIC–Receiver is the owner and holder of the Notes and Guaranties.

In order to recover under the Vernon Notes and Guaranties, the FDIC–Receiver must establish that: (1) the defendants signed the notes and the guaranty agreements; (2) the FDIC–Receiver is the present owner or holder of the notes and the guaranty agreements; and (3) the notes are in default. *See RTC v. Marshall,* 939 F.2d 274, 276 (5th Cir.1991); *see also B.L. Nelson & Assocs. v. Sunbelt Sav.,* 733 F.Supp. 1106, 1109–10 (N.D.Tex.1990); *FSLIC v. Atkinson–Smith Univ. Park Joint Venture,* 729 F.Supp. 1130, 1132 (N.D.Tex.1989).

Recently, in *RTC v. Camp,* 965 F.2d 25 (5th Cir.1992), this court addressed an appeal from a summary judgment on a note in favor of the RTC. In *Camp,* the RTC did not produce the original

---

[10]The defendants suggest that the notes and guaranties may have remained with the FSLIC as receiver for Old Vernon.

note upon which it sought recovery, but rather it submitted a copy of the note, along with several affidavits. One affiant testified that the photocopy was a true and correct copy of the note. The other affidavits submitted by the RTC contained statements that the RTC took possession and ownership of the failed institution's assets, including the note in question. In examining whether the RTC had met its summary judgment burden, the court initially "acknowledge[d] the fact that mere possession of the original of an unendorsed note payable to the order of another is not alone sufficient evidence under Texas law to prove that one is the owner and holder."[11] The court, however, also acknowledged the jurisprudence of this circuit which seeks not to impose a standard so strict that summary judgment would be all but impossible for plaintiffs in cases such as these. *Id.* at 29. The court then remarked that it "would not hesitate to reverse summary judgment had Appellants pointed to evidence in the record to the effect that they had a legitimate fear that the RTC was not the owner and holder of the note in question and that some other entity might later approach them demanding payment." *Id.* In that event, affidavits attesting that the RTC had taken possession of the assets of the failed institution would be insufficient to support the summary judgment. *Id.* However, because the defendants in *Camp* failed to point to anything in the record to establish their legitimate fear that an entity other than the RTC owns and holds the note, summary judgment was appropriate. *Id.* at 29–30.

Applying the *Camp* standard to this case, we find that, with respect to one of the Vernon Notes, the defendants have pointed to some summary judgment evidence to establish their legitimate fear that the FDIC–Receiver is not the holder of the notes and guaranties. Robert St. John, an asset manager of the FDIC–Receiver, testified that the FDIC–Receiver is the owner and holder of both the Vernon Notes and Guaranties. Wilma Howl, a documentation supervisor for the FDIC–Receiver, testified that the FDIC–Receiver is the current owner of the Vernon Notes and Guaranties and that

---

[11]*Id.* at 29, *citing Jernigan v. Bank One,* 803 S.W.2d 774, 776–77 (Tex.App.—Houston [14th Dist.] 1991, no writ).

they were previously owned by the FSLIC as receiver, by Vernon, F.S.A., and by Old Vernon.[12] Howl also testified that the copies of the Vernon Notes and Guaranties were true and correct copies of the originals.

The defendants contend that, although there are several indorsements on Vernon Note # 1, because none of those is to the FDIC–Receiver in the capacity in which it now sues, the defendants are at risk of multiple exposure on the same claim. The most recent indorsement on Vernon Note # 1 does contain the following language: "Pay to the order of Federal Deposit Insurance Corporation as Manager of the FSLIC Resolution Fund as Receiver of Vernon Savings & Loan" (Old Vernon). The FDIC–Receiver asserts, however, that all that is missing from this indorsement are the words "Association" and "F.S.A." The FDIC–Receiver also notes that the entity "the FDIC as Manager of the FSLIC Resolution Fund as Receiver for Vernon Savings & Loan" does not and never has existed. Appellee's Brief, at 17 n. 11, *FDIC v. Selaiden Builders, Inc.,* No. 91–1815 (5th Cir. filed Nov. 27, 1991). However, there is no summary judgment evidence to support the FDIC's contention regarding the non-existence of this entity. We hold that the indorsement to the "Federal Deposit Insurance

---

[12]The defendants contend that the district court erred in not striking the Affidavits because they contain unsupported conclusory statements, and are based on hearsay—and not on the personal knowledge of the affiants. Rule 56(e) of the Federal Rules of Civil Procedure provides, in part, that "affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein...." *Id; see also Gordon v. Watson,* 622 F.2d 120, 123 (5th Cir.1980). This court has, however, recently sanctioned the proffer of affidavits supporting a summary judgment, against a challenge to the affidavits which stated that, because "while the affiants had personal knowledge that RTC took over assets of the failed institutions, they had no precise personal knowledge of [the] particular note [sued upon]." *RTC v. Camp,* 965 F.2d 25, 29 (5th Cir.1992). In his affidavit, St. John states that the facts concerning the FDIC–Receiver's ownership of the Vernon Notes and Guaranties are based on his review of the FDIC–Receiver's business records. Howl states in her affidavit that the statements made therein are within her personal knowledge as a result of her position as documentation supervisor for the FDIC–Receiver and for the FSLIC as receiver for Vernon, F.S.A., and as a result of her position as assistant compliance officer for Vernon, F.S.A. and for Old Vernon. Howl also states that she is the custodian of the records and that she has held that position continuously since 1984. Moreover, Howl specifically referenced each of the Vernon Notes and Guaranties in question. We find that, based on the affiants' personal knowledge and on their positions for the FDIC–Receiver and its predecessors, the affiants were competent to testify as to the FDIC–Receiver's status as owner and holder of the Vernon Notes and Guaranties. *See Camp,* 965 F.2d at 29; *see also FSLIC v. Atkinson–Smith Univ. Park Joint Venture,* 729 F.Supp. 1130, 1132 (N.D.Tex.1989).

Corporation as Manager of the FSLIC Resolution Fund as Receiver of Vernon Savings & Loan" is the type of evidence contemplated by *Camp* which establishes a real question as to the identity of the owner and holder of Vernon Note # 1. *See id.* at 29 n. 1. Therefore, we reverse the grant of summary judgment on Vernon Note # 1.

Regarding Vernon Note # 2, however, the defendants failed to produce or point to any summary judgment proof to establish their legitimate fear that the FDIC–Receiver is not the owner and holder of Vernon Note # 2. Therefore, we find the affidavits are sufficient with respect to Vernon Note # 2 and we affirm the grant of summary judgment on Vernon Note # 2.

## III

For the foregoing reasons, we AFFIRM in part and REVERSE in part and REMAND for further proceedings.

. . . . .