United States Court of Appeals,

Fifth Circuit.

No. 92–1449

Summary Calendar.

FEDERAL DEPOSIT INSURANCE CORPORATION, in its Corporate Capacity as Liquidator of Willow Bend National Bank, Plaintiff–Appellee,

v.

Katherine McCRARY, Defendant–Appellant.

Nov. 17, 1992.

Appeal from the United States District Court for the Northern District of Texas.

Before GARWOOD, JONES, and EMILIO M. GARZA, Circuit Judges.

EMILIO M. GARZA, Circuit Judge:

Plaintiff, the Federal Deposit Insurance Corporation (the "FDIC"), sought to recover on a $30,000 promissory note executed by Katherine McCrary. The district court granted summary judgment for the FDIC. McCrary appeals, contending that the evidence offered by the FDIC was insufficient to support summary judgment. Finding error, we reverse and remand.

I

McCrary executed a promissory note (the "Note") for $30,000 in favor of Willow Bend National Bank (the "Bank"). After the Note matured, the Bank was declared insolvent. The FDIC was then appointed receiver ("FDIC–Receiver"), assuming all rights, titles, and interests of the Bank. Subsequently, FDIC–Receiver conveyed certain assets of the Bank to the FDIC in its corporate capacity (the "FDIC").[1] At the same time, FDIC–Receiver entered into a Purchase and Assumption Agreement with Compass Bank–Plano ("Compass"), whereby Compass purchased certain other

---

[1]Upon the insolvency of a federally insured depository institution, the FDIC may be appointed as receiver for the purpose of winding up affairs or liquidation of the failed institution. *See* 12 U.S.C.A. § 1821(c)(2)(A)(ii) (West 1989). The FDIC, acting in its corporate capacity, is permitted to purchase the assets of a failed institution. *See* 12 U.S.C.A. § 1823(c), (d) (West 1989).

assets of the Bank.[2]  The FDIC brought suit to recover on the Note.  The district court granted summary judgment in favor of the FDIC.[3]  McCrary challenges the decision of the district court, contending that Fleming's affidavit is insufficient summary judgment evidence to prove ownership of the Note.[4]

## II

We review the district court's grant of a summary judgment motion de novo.  *See Davis v. Illinois Central R.R.,* 921 F.2d 616, 617–18 (5th Cir.1991).  Summary judgment is appropriate if the record discloses "that there is no genuine issue of material fact and that the moving party is entitled to a judgment as a matter of law."  Fed.R.Civ.P. 56(c).  A party seeking summary judgment bears the initial burden of identifying those portions of the pleadings and discovery on file, together with any affidavits, which it believes demonstrates the absence of a genuine issue of material fact.  *See Celotex Corp. v. Catrett,* 477 U.S. 317, 325, 106 S.Ct. 2548, 2553–54, 91 L.Ed.2d 265 (1986).  Once the movant carries its burden, the burden shifts to the non-movant to show that summary judgment should not be granted.  *Id.* at 324–25, 106 S.Ct. at 2553–54.  While we must "review the facts drawing all inferences most favorable to the party opposing the motion," *Reid v. State Farm Mut. Auto. Ins. Co.,* 784 F.2d 577, 578 (5th Cir.1986), such party may not rest upon mere allegations or

---

[2]McCrary questions whether the FDIC is the actual owner and holder of the Note.  *See* Brief for McCrary at 9.  The Contract for Sale reciting the Purchase and Assumption Agreement does not indicate which assets held by FDIC–Receiver were sold to FDIC–Corporate or Compass.  *See* Record on Appeal at 27.

[3]The summary judgment evidence submitted by the FDIC consisted of:  (i) an affidavit of Arthur Fleming, custodian of the documents relevant to this litigation;  (ii) a copy of the $30,000 promissory note executed by McCrary;  (iii) a copy of the Declaration of Insolvency and Appointment of Receiver, dated June 14, 1990;  (iv) a Contract for Sale between FDIC–Receiver and the FDIC reciting a Purchase and Assumption Agreement concerning certain undisclosed Willow Bend National Bank assets between FDIC–Receiver and Compass Bank–Plano;  and (v) the affidavit of Richard W. Ott, attorney for the FDIC.  Fleming's affidavit was the only evidence establishing the FDIC as owner and holder of the Note.

[4]McCrary also challenges the district court's grant of summary judgment on the grounds that:  (i) Fleming's affidavit offers only unsupported conclusions and lacks material facts;  (ii) Fleming's affidavit offers only opinion testimony;  (iii) no proof of demand was made for the Note;  and (iv) the Note lacks endorsements linking ownership to the FDIC.  However, since we find dispositive the issue whether Fleming's affidavit is sufficient summary judgment evidence of ownership of the Note, we need not address these other issues on appeal.

denials in its pleadings, but must set forth specific facts showing the existence of a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 256–57, 106 S.Ct. 2505, 2514, 91 L.Ed.2d 202 (1986).

## III

McCrary maintains that there is no evidence proving that the FDIC is the holder of the Note.[5] In support of its motion for summary judgment, the FDIC offered Fleming's affidavit stating that the FDIC was the owner and holder of the Note.[6] McCrary argues that this affidavit is insufficient summary judgment proof. We agree.

The affidavit of an employee who is the custodian of records, generally suffices as proof of a note's ownership for summary judgment. *See Resolution Trust Corp. v. Camp,* 965 F.2d 25, 29 (5th Cir.1992). However, we stated in *Camp* that we "would not hesitate to reverse summary judgment had Appellants pointed to evidence in the record to the effect that they had a legitimate fear that the RTC was not the owner and holder of note in question and that some other entity might later approach them demanding payment." *Id.* For example, in *FDIC v. Selaiden Builders, Inc.,* 973 F.2d 1249 (5th Cir.1992), FDIC–Receiver offered two affidavits based upon the personal knowledge of the affiants, both claiming FDIC–Receiver to be owner and holder of the note in question. The note

---

[5]In order to recover under the Note, the FDIC must prove that: (1) the defendant signed the Note; (2) that the FDIC is the present owner or holder of the Note; and (3) that the Note is in default. *See Resolution Trust Corp. v. Marshall,* 939 F.2d 274, 276 (5th Cir.1991). McCrary does not contest that she is the signatory on the Note. *See* Record on Appeal at 6 (McCrary's Original Answer admitting she executed the Note). From the face of the Note, the maturity date of February 12, 1990 has long since passed. Defendant has failed to offer any proof she is not in default and does not argue this issue on appeal.

[6]Fleming's affidavit states in Paragraph 4:

> e. Among the assets conveyed by the Federal Deposit Insurance Corporation as Receiver to the FDIC was the Note, and all rights, claims, and causes of actions appurtenant thereto. Accordingly, FDIC became the true party of interest herein, authorized and empowered to institute and prosecute this action against Defendant.

> f. FDIC is the owner and holder of the Note and all rights, claims and causes of action appurtenant thereto.

Record on Appeal at 23.

contained an endorsement to an entity other than FDIC–Receiver.  *Id.* at 1253–54.  Because FDIC–Receiver failed to prove the non-existence of this entity, we held that the endorsement created a "real question as to the identity of the owner and holder of the note," *id.* at 1255, and therefore reversed summary judgment.

Similarly, we find that McCrary has pointed to evidence in the record demonstrating a legitimate fear that the FDIC is not the owner and holder of the Note in question.  In *Camp,* we referred to a recent case where we "reversed summary judgement because of evidence in the record that FDIC, as receiver of a failed institution, had conveyed certain assets of the failed bank to another bank in a purchase and assumption agreement, and conveyed other assets to FDIC–Corporate pursuant to a contract of sale."  *Camp,* 965 F.2d at 29 n. 1.  We concluded that "appellants ... had demonstrated a real question as to the identity of the owner and holder of the note in question."  *Id.*

In opposing summary judgment, McCrary pointed to the Contract for Sale between FDIC–Receiver and the FDIC, which shows certain *unnamed* assets of the Bank were sold to Compass and other *unnamed* assets were sold to the FDIC.[7]  Therefore, we find that Fleming's

---

[7]The relevant provision of the Contract for Sale between FDIC–Receiver and the FDIC states:

> WHEREAS, the Receiver proposes to enter into a Purchase and Assumption Agreement with Compass Bank–Plano, Texas, a Texas Banking Corporation (hereinafter the Assuming Bank) by which the Assuming Bank will purchase the assets and assume the deposit and certain other liabilities of the Bank as shown by the Bank's books....

Record on Appeal at 27.

> NOW, THEREFORE, in consideration of the mutual promises herein set forth and other valuable consideration, the Receiver and the Corporation hereby undertake, promise, covenant, and agree with each other as follows:
>
> *SECTION 1. PURCHASE OF ASSETS*
>
> 1.1 *Assets Purchased.*  The Receiver does hereby sell to the Corporation all the Receiver's right, title, and interest in all assets not purchased by the Assuming Bank pursuant to the Purchase and Assumption Agreement and all assets subsequently reacquired from the Assuming Bank by the Receiver....

Record on Appeal at 29.

> The Contract for Sale contained in the summary judgment record fails to list which assets were transferred to what entity.

affidavit no longer suffices as summary judgment evidence. *Id.* Because this affidavit is the only proof supporting the FDIC's claim that it was the owner and holder of the Note,[8] we find that the district court erred in granting summary judgment.

IV

For the foregoing reasons, we REVERSE and REMAND.

---

[8]Aside from the affidavit, the FDIC can only show ownership through the possession of an unendorsed note, which cannot suffice as summary judgment proof. *See Camp,* 965 F.2d at 29 ("[M]ere possession of the original of an unendorsed note payable to the order of another is not alone sufficient evidence under Texas law to prove one is the owner and holder.").