IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-30017
Summary Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

LINDA MARIE RITZIE,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 97-CV-903-B-M3
--------------------
December 1, 2000

Before SMITH, BENAVIDES, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Attorney Linda Marie Ritzie ("Ritzie"), appeals from a judgment in favor of the United States on a promissory note guaranteed by the United States pursuant to the provisions of the National Direct Student Loan Program. On appeal, Ritzie asserts that the trial court erred in its evidentiary rulings, and that the evidence was insufficient to support a judgment for the United States.

Ritzie's evidentiary arguments are poorly presented and unsupported by explanation or citations. It is axiomatic that

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

"[q]uestions posed for appellate review but inadequately briefed are considered abandoned." Dardar v. Lafourche Realty Co., Inc., 985 F.2d 824, 831 (5th Cir. 1993). Because each of Ritzie's evidentiary arguments suffers from this same flaw, they are each considered abandoned.

Ritzie also argues that the evidence was insufficient to support a finding for the United States. To prevail, the plaintiff must show that the defendant signed the note, that the plaintiff is the present owner or holder of the note, and that the note is in default. See F.D.I.C. v. McCrary, 977 F.2d 192, 194 n.5 (5th Cir. 1992). Ritzie admitted at trial that her signature appeared on the note. The note itself indicates it was assigned to the United States, and this was confirmed by Larry Lawhorn, a senior loan analyst with the U.S. Department of Education. Finally, Lawhorn testified that the note had been in default for many years despite efforts to contact Ritzie; the Government also presented extensive documentary evidence of unsuccessful attempts to contact Ritzie and the absence of payments on the loan.

Ritzie asserts that the trial court failed to properly consider her testimony that she had been told she was receiving only grants, not a loan. However, the trial court did consider her testimony, and found it incredible in the face of the documentary evidence. In addition, Ritzie admitted that she had not read the note, but had noticed she was signing as "maker," and admitted that it was possible she had received a loan at that time. Therefore, this argument is without merit.

The Government also requests Ritzie be sanctioned pursuant to Fed. R. App. P. 38 for filing a frivolous appeal. When the result of an appeal "'is obvious [and] the arguments of error are wholly without merit,'" this court may award sanctions. See Valley Ranch Dev. Co., Ltd. v. F.D.I.C., 960 F.2d 550, 556 (5th Cir. 1992 (citation omitted). This court has previously awarded sanctions under both Fed. R. App. P. 38 and 28 U.S.C. § 1927 after finding that the appellant had "filed nothing more than a five-page 'slap-dash' excuse for a brief - a brief that fails to raise even one colorable challenge to the district court's judgment." Carmon v. Lubrizol Corp., 17 F.3d 791, 795 (5th Cir. 1994). As an attorney herself, Ritzie should have realized that her appeal was without merit and her brief was woefully inadequate. Sanctions are awarded in the amount of $1000.

The judgment of the trial court is AFFIRMED, and the motion for sanctions pursuant to Fed. R. App. P. 38 is GRANTED.