**UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

No. 01-40553

FEDERAL DEPOSIT INSURANCE
CORPORATION, as receiver for
Southwest Bank, Jennings, Louisiana;
SOUTHWEST BANK,

Plaintiffs - Appellees,

versus

VIRGINIA DAVIS

Defendant - Appellant.

Appeal from the United States District Court
For the Eastern District of Texas
(No. 3:00-CV-32)

June 5, 2002

Before KING, Chief Judge, and PARKER and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellant Virginia Davis appeals the district court's granting summary judgment for the FDIC. For the following reasons, we AFFIRM.

---

[*] Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

This matter arises from Davis's default on a loan guaranteed by the Farmers Home Administration, now known as the Farm Service Agency or FSA. Southwest Bank of Jennings, Louisiana ("the bank"), acted as the lender, for which it received a 90% guarantee from the FSA. Pursuant to the guarantee, FSA must repurchase the guaranteed portion of the loan in the event of Davis's default if the bank or a holder of the note so requests. In any event, the bank remains responsible for servicing the loan.

The bank filed suit in state court following Davis's default. Davis had secured the note using farm equipment and livestock as collateral. The state court enjoined Davis from divesting any of it. Thereafter, FSA repurchased the guaranteed portion of Davis's loan, and after that, the bank was declared insolvent. The Federal Deposit Insurance Corporation ("FDIC") was substituted for the bank as its receiver and removed the action to federal court pursuant to 12 U.S.C. § 1819(b)(2)(A). It then moved for summary judgment, which the district court granted. The court awarded the FDIC the unpaid principal on the note, $227,369.46, plus $75,358.64 in interest.

On appeal, Davis, now proceeding pro se, again argues that the FDIC cannot be the holder or owner of the note because it was repurchased by the FSA before the FDIC was substituted as the bank's receiver. In other cases, we have concluded that uncertainty regarding a receiver's status as holder or owner

-2-

supports the debtor's claim that it has a "legitimate fear" of being subjected to double recovery.  For example, in *FDIC v. Selaiden Builders, Inc.*, 973 F.2d 1249 (5th Cir. 1992), the FDIC came into possession of a note apparently endorsed to another. There, we held that the FDIC's failure to offer evidence tending to negate any third-party claim to the note in question created an issue of fact regarding the FDIC's rightful status.  *Id*. at 1255.  In another case, *FDIC v. McCrary*, 977 F.2d 192 (5th Cir. 1993), the evidence showed that the FDIC, acting as receiver, had sold unspecified assets in an insolvent bank to a third party. We there held that uncertainty regarding which assets the FDIC divested itself of created a question of material fact whether the FDIC was in fact the holder or owner of the note it was suing on.  *Id*. at 195.

In this case, there is no evidence that the FDIC sold any of Southwest Bank's assets or that another party was the endorsee to Davis's note.  But more importantly, the FSA's repurchasing the guaranteed portion of the note is not an event that affects Davis's obligations to the bank, and now to the FDIC.  As we noted at the outset, Davis must continue paying the bank (or its successor) whether the FSA reacquires the guaranteed portion of Davis's loan or not.  Following repurchase, the bank retains the note, as well as all other documentation evidencing the loan, the note remains payable to the bank, and the bank continues to service and collect on the loan.  In this way, the FSA does not

attain the status of a holder or owner of Davis's note. A third-party to a note cannot recover under it unless the same at least has possession of it or the note has been endorsed over to him. As neither of these conditions are met here--nor will they ever be--Davis has not demonstrated a legitimate fear that she might be subjected to double recovery, at least not as between the FSA and FDIC. We therefore conclude that summary judgment for the FDIC was proper.

AFFIRMED.