United States Court of Appeals
Fifth Circuit

**F I L E D**

July 2, 2004

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

No. 03-30547

KYLE M. HAMILTON,

Plaintiff-Appellant

VERSUS

TROVER SOLUTIONS, INC., D/B/A HEALTHCARE RECOVERIES

Defendant-Appellee.

Appeal from the United States District Court
For the Eastern District of Louisiana

(01-CV-650)

Before DUHE' BARKSDALE, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Plaintiff-Appellant Kyle M. Hamilton brought this action against Trover Solutions, Inc. d/b/a Healthcare Recoveries ("Trover Solutions") alleging a violation of the Fair Debt Collection Practices Act ("FDPCA")[1] and an unfair trade practice claim under

---

[*] Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1] 15 U.S.C. §1692 et. seq.

-1-

Louisiana state law.[2]  This is the second appeal in this case.  In the first appeal, this court reversed the district court's 12(b)(6) ruling in favor of Trover Solutions and held that the monies Trover Solutions was trying to collect was a "debt" for the purposes of the FDCPA.[3]  But because the district court did not consider whether Trover Solutions was exempt from coverage of the FDCPA because it was not a "debt collector," this court remanded the case to the district court.[4]

On remand, prior to deciding Trover Solutions's summary judgment motion, the district court denied Hamilton's request for additional discovery and his motion to strike Nicole Hendricks's affidavit submitted by Trover Solutions.[5]  Then, concluding that Trover Solutions was not a "debt collector" for the purposes of the FDCPA, the district court granted summary judgment in favor of Trover Solutions on the FDCPA claim and dismissed Hamilton's remaining state law unfair trade practice claim without prejudice.[6]  Hamilton timely appealed.

For the reasons given by the district court, we agree that

---

[2]  LA. REV. STAT. ANN. §  51:1401, et seq. (West 1987).

[3]  See Hamilton v. United Healthcare of La., Inc., 310 F.3d 385, 392-93 (5th Cir. 2002).

[4]  Id. at 393.

[5]  Hamilton v. Trover Solutions, Inc., 2003 U.S. Dist. LEXIS 8296 (E.D. La. 2003).

[6]  Id.

Trover Solutions is not a "debt collector" under the FDCPA. The undisputed evidence shows that Trover Solutions obtained the responsibility to recover Hamilton's debt prior to that debt being in default.

Moreover, we find no abuse of discretion in either of the district court's evidentiary rulings. While motions for summary judgment should not be granted in the absence of full and fair discovery,[7] a plaintiff opposing summary judgment is only entitled to discovery if he can show that additional discovery is needed and how that discovery will create a genuine issue of material fact.[8] "[V]ague assertions that additional discovery will produce needed, but unspecified facts" are not sufficient to warrant additional discovery.[9]

In this case, additional discovery was not necessary because the key facts necessary for the resolution of the FDCPA claim were undisputed. Specifically, the parties did not dispute: (1) the nature of the contract relationship between Trover Solutions and United; (2) when Trover Solutions first received notice of a potential subrogation claim against Hamilton; and (3) when Hamilton began receiving money from State Farm. Moreover, even if more discovery might have been necessary, Hamilton's requests for

---

[7] See Anderson v. Liberty Lobby, 477 U.S. 242, 257 (1986).

[8] Beattie v. Madison Co. Sch. Dist., 254 F.3d 595, 606 (5th Cir. 2001)(internal citations omitted).

[9] Id.

-3-

additional discovery only contained generalized explanations justifying the requests.

Similarly, Hamilton's attack on the affidavit of Nicole Hendricks is not well taken. Federal Rule of Civil Procedure 56 requires that affidavits be based on personal knowledge.[10] An affiant, however, may have personal knowledge of activities in which she has not actually participated.[11] This includes situations where a manager of an organization can glean personal knowledge of the practices of that organization by participating in those practices or reviewing the organization's records.[12]

Here, Hamilton only vaguely contended that Hendricks failed to state the basis of her involvement was in the contracts between Trover Solutions and United. This failure, Hamilton contended, made the contents of her affidavit inadmissible hearsay. But a review of Hendricks's affidavit indicates that she is a business manager with Trover Solutions and that she is familiar with the subrogation services contracts between Trover Solutions and United as well as the business practices of Trover Solutions. Moreover, many of the facts provided in Hendricks's affidavit regarding the contract between United and Trover Solutions are undisputed by the

---

[10] FED. R. CIV. PROC. 56(e);

[11] See Dalton v. FDIC, 987 F.2d 1216, 1223 (5th Cir. 1993)

[12] Id.; FDIC v. Patel, 46 F.3d 482, 484 (5th Cir. 1995); FDIC v. Seiladen Builders, Inc., 973 F.2d 1249, 1255 (5th Cir. 1992)(citing RTC v. Camp., 965 F.2d 25, 29 (5th Cir. 1992)).

parties and were further supported by an affidavit submitted on Hamilton's behalf.  Thus, the district court did not abuse its discretion in summarily denying Hamilton's motion to strike Hendricks' affidavit.

Therefore, we AFFIRM both the district court's evidentiary decisions and its grant of summary judgment.

**AFFIRMED.**