# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 9, 2010

No. 09-30377

Charles R. Fulbruge III
Clerk

MALIN INTERNATIONAL SHIP REPAIR AND DRYDOCK, INC.,

Plaintiff - Appellee

v.

VEOLIA ES SPECIAL SERVICES, INC.,

Defendant - Appellant

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:08-CV-0110

Before KING, JOLLY, and STEWART, Circuit Judges.

PER CURIAM:[*]

Veolia Es Special Services, Inc. ("Veolia") appeals the district court's award of attorney's fees to Malin International Ship Repair and Drydock, Inc. ("Malin") For the reasons stated below, we affirm.

## I. BACKGROUND

The facts that gave rise to this case are not in dispute. Veolia refused to pay Malin over $1.2 million for work performed by Malin on Veolia's vessel, the *Seim Swordfish MV*. After performing the work requested, Malin remitted

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

invoices for its work.  These invoices included standard terms and conditions that are found on all of Malin's invoices, including a provision whereby Malin would be entitled to recover its costs of collection, including reasonable attorney's fees.

After unsuccessful attempts to resolve the dispute regarding work performed on the *Seim Swordfish MV*, Malin filed suit against Veolia.  The district court held two separate pretrial conferences in this matter.  Following each, the district court made minute entries, and neither provided that the issues of entitlement to and quantum of attorney's fees were to be bifurcated for purposes of the trial.  The parties also filed a joint pretrial order, approved by the district court, that stated that "[t]he issue of liability will not be tried separately from that of quantum."

A two-day bench trial was held on February 12–13, 2009, and during trial Malin failed to present evidence concerning the quantum of its attorney's fees. Following trial, the district court found in Malin's favor and entered judgment, on February 20, 2009, as to the principal amount owed, prejudgment interest, and an entitlement to attorney's fees.  In a minute entry following the bench trial, the court instructed Malin to submit a brief supporting the quantum of attorney's fees and gave Veolia fourteen days to file a response.  Malin filed its attorney's fees brief on February 27, 2009, claiming $79,837.75.

Veolia responded by filing both a motion for a new trial on March 5, 2009, arguing that Rule 54 precludes an attorney's fees award, and a response to Malin's brief on March 13, 2009, urging again that Rule 54 precludes an award of attorney's fees to Malin and, alternatively, that Malin should not be awarded the full amount of its claimed attorney's fees.  The district court awarded attorney's fees to Malin and denied Veolia's motion for a new trial on April 14, 2009. The court entered judgment in favor of Malin for $79,837.75 in attorney's fees on April 16, 2009.  This appeal followed.

No. 09-30377

## II. DISCUSSION

Rule 42(b) governs bifurcation and provides that "[f]or convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims." FED. R. CIV. P. 42(b). We will overrule a district court's decision to order a severance only upon a showing that the district court abused its discretion. *See F.D.I.C. v. Selaiden Builders, Inc.,* 973 F.2d 1249, 1253 (citing *Fid. & Cas. Co. v. Mills*, 319 F.2d 63 (5th Cir. 1963)). A district court may sever a case upon its own motion. *Mills*, 319 F.2d at 63.

In the instant case, the district court acted within its discretion when it bifurcated the issues of entitlement to and quantum of attorney's fees. These issues were clearly separable, since the issue of quantum would not come into question unless the district court first found that Malin was in fact entitled to attorney's fees. For the purpose of judicial economy, the district court was within its discretion to conclude that it would not hear evidence as to the amount, if any, of attorney's fees until it first determined entitlement since a negative finding on entitlement would negate the need to hear evidence of quantum.

Veolia argues that the quantum of attorney's fees sought by Malin constitutes an element of damages that it was required to prove at trial rather than collaterally under Rule 54. *See* FED. R. CIV. P. 54(d)(2)(A). Assuming *arguendo* that Veolia is correct, this is a question that we need not address today because the district court did not abuse its discretion by bifurcating quantum. *See Pride Hyundai, Inc. v. Chrysler Fin. Co.,* 355 F. Supp. 2d 600, 605-06 (D.R.I. 2005) (acknowledging that in the exercise of its broad discretion, the court could have enacted a bifurcated procedure prior to trial, although the attorney's fees represented an element of damages that had to be proven at trial, but simply chose not do so).

3

Veolia also argues that the district court erred because it failed to formally enter a bifurcation order into the record. In view of the pretrial order, it certainly would have been preferable to enter such an order or to modify the pretrial order. But ultimately, Veolia's argument fails to carry the day. First, while the pretrial order stated that liability and quantum would be tried together and the district court never formally entered an order of bifurcation, in the court's Order and Reasons the court expressly noted that the parties were informed of its intention to bifurcate the issues of entitlement to and quantum of attorney's fees. Second, Malin expressly indicated, in its pre-trial memorandum, that only if the district court found an attorney's fee award appropriate would it submit invoices in support of such an award. Third, Veolia does not argue that it was unaware that the attorney's fees issue would be handled at least in part through post-trial motion.

We are convinced that Veolia was aware of the district court's bifurcation of quantum. But even assuming that Veolia had no knowledge of the district court's bifurcation, Veolia must still prove that it was prejudiced in order to show that the district court abused its discretion. *See, e.g., O'Dell v. Hercules Inc.*, 904 F.2d 1194, 1202 (8th Cir. 1990). Evidence of prejudice is lacking. After Malin filed its motion for attorney's fees, Veolia was given sufficient opportunity—fourteen days—to review and challenge the quantum of attorney's fees claimed by Malin, and in fact did so. Further, Veolia did not request, in any of its pleadings challenging Malin's attorney's fees, a hearing or extra time to challenge the evidentiary predicate for Malin's attorney's fees claims. As such, we cannot say that Veolia was prejudiced by the district court's decision to bifurcate quantum, and, accordingly, the district court did not abuse its discretion in bifurcating. Even here, Veolia's brief does not identify specific problems with the district court's finding on quantum, choosing instead (in an all or nothing approach) to focus on whether quantum should have been proved

No. 09-30377

up at trial and whether the district court erred in bifurcating liability and quantum.

## III. CONCLUSION

For the foregoing reasons, we affirm the district court's judgment.

AFFIRMED.

No. 09-30377

E. GRADY JOLLY, Circuit Judge, specially concurring:

I concur, but only for the following reason: the defendant did not preserve its objection to the denial of its rightful claim under the pretrial order to have all damages, including attorney's fees, tried in the liability phase of the action under the standards and rules applicable to that proceeding.