# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
March 8, 2022

Lyle W. Cayce
Clerk

No. 21-40507
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

RAZA SERVICES, L.L.C.; AMIR RAZA, INDIVIDUALLY,

*Defendants—Appellants*.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 3:19-CV-143

Before WIENER, DENNIS, and HAYNES, *Circuit Judges*.

PER CURIAM:*

On December 30, 2013, Raza Services executed a promissory note on a $522,000 loan from the Small Business Administration. Roughly two years later, Raza Services defaulted on its obligations under the note. The United States filed suit in district court to recover debts owed under the note. Raza

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 21-40507

Services contended that the SBA had released all claims related to the note in a settlement agreement in a prior state court proceeding. After holding a hearing at which Raza Services's counsel conceded that the neither the settlement agreement nor the underlying state court litigation involved the SBA note at issue in the case before the district court, the district court granted summary judgment for the United States. Raza Services appealed.

\*\*\*

We review an award of summary judgment *de novo*. *FDIC v. Selaiden Builders, Inc.*, 973 F.2d 1249, 1253 (5th Cir. 1992). Summary judgment is appropriate only if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56. "Typically, suits on promissory notes provide fit grist for the summary judgment mill." *FDIC v. Cardinal Oil Well Servicing Co.*, 837 F.2d 1369, 1371 (5th Cir. 1988).

On appeal, Raza Services argues that the district court erred in disposing of this case on summary judgment because the settlement agreement is ambiguous, precluding disposition by summary judgment. Raza Services points to a provision in the settlement agreement wherein Raza Services agrees to release Texas First Bank—the plaintiff in the state case and another creditor of Raza Services—from any claims "arising out of the Loan Documents." The phrase "Loan Documents" in the agreement refers to three loans Texas First Bank made to Raza Services on January 17, 2013, which Raza Services had also defaulted on. Raza Services argues that since Texas First Bank had, by the time of settlement, assigned one of these loans to the SBA, it is unclear whether the settlement agreement releases other loans that the SBA made to Raza Services, or only those arising out of the Loan Documents.

No. 21-40507

We find no ambiguity in the settlement agreement, and no merit in Raza Services's argument. The settlement agreement only releases Raza Services from claims related to the three loans made by Texas First Bank on January 17, 2013. Nowhere is the loan at issue here—made by the SBA to Raza Services on December 30, 2013—mentioned in the settlement agreement. Nor was it ever at issue in the underlying state court litigation between Texas First Bank and Raza Services. There is simply nothing in the settlement agreement that would allow a reasonable juror to conclude that the agreement absolves Raza Services of liability for its default on the December 30, 2013 promissory note. The fact that in the agreement Raza Services releases Texas First Bank from any claims arising from a loan that Texas First Bank later assigned to the SBA has no bearing on Raza Services's obligations under an entirely different loan, made directly from the SBA. Raza Services's counsel conceded this before the district court and there is nothing in the settlement agreement to suggest he was mistaken.

We AFFIRM the district court's judgment.