Norman Nathan SEMLER, Appellant,

v.

The UNITED STATES of America,
Appellee.

No. 18705.

United States Court of Appeals
Ninth Circuit.

March 16, 1964.

Rogan & Radding, and David M. Richman, Burbank, Cal., for appellant.

Charles A. Muecke, U. S. Atty., John E. Lindberg, Asst. U. S. Atty., and Jo Ann Diamos, Asst. U. S. Atty., Tucson, Ariz., for appellee.

Before BARNES, MERRILL and KOELSCH, Circuit Judges.

MERRILL, Circuit Judge.

Appellant stands convicted of conspiracy to steal and receive Government property in violation of 18 U.S.C. § 371, and, in three counts, of having received Government property knowing it to be stolen, in violation of 18 U.S.C. § 641.

Appellant asserts that the evidence was insufficient to sustain a conviction as to count 1, the conspiracy count, or as to counts 5, 7 and 10, the substantive counts.

In support of this assertion appellant relies solely on his own testimony to the effect that he did not know that the property purchased had been stolen. Evidence of knowledge was presented through testimony of Sergeant Howell (as to the entire period of the conspiracy as well as to the incidents covered by counts 5, 7 and 10), and Sergeant Wooldridge (as to the latter part of the conspiracy period and the incidents covered by counts 5, 7 and 10). It is apparent that the jury chose to believe these Government witnesses rather than appellant. With knowledge thus established there was ample evidence of guilt, not only of the substantive counts but of the conspiracy as well.

Appellant asserts error in the court's permitting Sergeant Howell to invoke the privilege of the Fifth Amendment and refuse to testify on cross-examination as to sales of stolen property to others than appellant. Appellant's position is that the witness had waived the privilege by testifying freely on direct examination as to the period of time involved.

We are satisfied that there was no waiver. The cross-examination in question was on a subject not gone into on direct.

Appellant asserts that he was denied a fair trial in that he was denied a severance and was subjected to a mass trial with those who had participated in the thefts. The motion for severance was made and argued more than a month before trial. It was based upon the ground that there was no relation between the substantive counts and the conspiracy counts. It was properly denied upon this ground. The indictment demonstrated that the overt acts involved in count 1 were also involved in the substantive counts.

Appellant's motion was not thereafter renewed. If, for any reason other than that asserted, severance should have been granted the right was waived.

Appellant asserts that adverse publicity denied him a fair and impartial jury. There is nothing in the record to support this contention. The court individually questioned those jurors who admitted having read or heard of the case, and none of them admitted to an opinion. There is no evidence or any indication at all that any juror read or heard accounts of the trial during trial. The jury was adequately cautioned against reading newspapers or listening to radio or television.

Appellant asserts error and denial of fair trial in the court's instructing the jury on conspiracy during trial. It is not suggested that the instruction itself was erroneous. It is argued that it came too soon and too often, with the result that the fact that the case involved an alleged conspiracy was prejudicially drummed into the jury's consciousness.

However, out of fairness to the defendants the jury could not be permitted to forget that they were concerned with an alleged conspiracy, and that the competence of certain evidence as to certain defendants depended upon a determination that a conspiracy existed. Not only was it entirely proper to instruct the jury periodically in this fashion, it might well have been prejudicial error not to do so.

Appellant construes Rule 30 as prohibiting the giving of any instructions to the jury until after arguments are completed. The question here is not whether the district court may, contrary to Rule 30, give its instructions to the jury before argument instead of afterwards. We have recently held such practice to be error. Babson v. United States (9 Cir. 1964) 330 F.2d 662.

The question here is whether Rule 30 precludes the court from instructing the jury during trial in addition to the ap-

propriate giving of instructions after argument. Rule 30 cannot be construed as preventing the court from appropriately cautioning the jury as to the limited competence or relevance of evidence as such evidence is received.

Finding no error, judgment is affirmed.