**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Frederick AVILA, Defendant-Appellant.
No. 72–1950.**

United States Court of Appeals,
Ninth Circuit.
Nov. 3, 1972.

David L. DeLoach, Los Angeles, Cal., for defendant-appellant.

William D. Keller, U. S. Atty., Joseph H. Golant, Eric A. Nobles, Asst. U. S. Atty., Los Angeles, Cal., for plaintiff-appellee.

Before CHOY and GOODWIN, Circuit Judges, and JAMESON,* District Judge.

PER CURIAM:

Appellant Frederick Avila was convicted by a jury on three counts of possession with intent to distribute and distribution of amphetamines in violation of 21 U.S.C. § 841(a). Avila appeals, advancing three principal contentions: (1) his arrest was without probable cause, (2) a warrant to search his garage was issued without probable cause, and (3) there was error in allowing an informant to assert his Fifth Amendment privilege against self-incrimination. We affirm.

■ Avila argues that the two-pronged test of *Aguilar* and *Spinelli* was not met. We do not agree. It is true that the informant was of untested reliability, but probable cause to arrest can still be shown if the underlying facts and circumstances from which the informant drew his conclusions are sufficiently verified to find reliability. Musgrove v. Eyman, 435 F.2d 1235, 1238 (9th Cir. 1971); *accord,* United States v. Jimenez-Badilla, 434 F.2d 170, 172 (9th Cir. 1970). Verification in the instant case was similar to that in *Musgrove* and *Jimenez-Badilla.* The arresting officers observed each step of Avila's criminal act, then arrested him.

■ Avila's attack of the warrant for search of his garage is without merit. The reliability of the informant was confirmed by the arrest and the probability of drugs within the garage was substantiated by the observations of the arresting officers.

■ Avila's third contention is also futile. There was no waiver by the informant of his Fifth Amendment privilege. Avila's counsel attempted to raise issues of the informant's past criminal activities on cross-examination. Since these issues had not been raised on direct

---

* The Honorable William J. Jameson, Sr., United States District Judge for the       District of Montana, sitting by designation.

examination, the informant had not waived his privilege, Semler v. United States, 332 F.2d 6 (9th Cir. 1964), and he properly asserted it on cross-examination.

Affirmed.