STATE OF HAWAII, Plaintiff-Appellee *v.* EMANUEL AYALA MATIAS, Defendant-Appellant

## NO. 5798

### JUNE 4, 1976

### RICHARDSON, C.J., KOBAYASHI, OGATA, MENOR and KIDWELL, JJ.

**OPINION OF THE COURT BY OGATA, J.**

Pursuant to HRS § 641-11 (Supp. 1975) and H.R.Cr.P. Rule 37, defendant appeals from three convictions of rape in the second degree, based upon jury verdicts. Two of the convictions are founded on violations of Sec. 731(1)(a),[1]

---

[1] Sec. 731, Hawaii Penal Code, states:

"Sec. 731 — *Rape in the second degree.*

(1) A male commits the offense of rape in the second degree if:

(a) He intentionally engages in sexual intercourse by forcible compulsion with a female; or

(b) He intentionally engages in sexual intercourse with a female who is less than 14 years old.

(2) Rape in the second degree is a class B felony."

The Hawaii Penal Code is not yet published in the supplement to HRS, but the text of the Hawaii Penal Code is found in Act 9, S.L.H. 1972, pp. 32-142.

Hawaii Penal Code, and one on a violation of Sec. 731(1)(b),[2] Hawaii Penal Code. This court has jurisdiction pursuant to HRS § 602-5 (Supp. 1975) and HRS § 641-16 (Supp. 1975). We affirm the convictions.

A grand jury indictment was filed on March 7, 1974, charging defendant with five counts[3] of rape in the second degree. The alleged rapes occurred on December 26 of 1973 and January 21, 25, 26 and 27 of 1974. The victims of the alleged rapes were five sisters whose ages ranged from 13 to 20 years. Defendant, the common-law husband of the victims' mother, pled not guilty to each count. A jury found defendant guilty on three of the counts but hung as to the other two counts.

Defendant does not dispute the fact that there is sufficient evidence in the record to support the verdicts. Rather he specifies two errors by the trial court as grounds for the reversal of his three convictions. The first specification is the denial by the trial court of a pre-trial motion in which defendant claimed that he was entitled to separate trials under either H.R.Cr.P. Rule 8(a) on grounds that the offenses were inappropriate for joinder or under H.R.Cr.P. Rule 14 on grounds that, even if appropriate for joinder, a joint trial on these offenses would be so prejudicial as to deprive him of a fair trial. In his brief and at oral argument defendant has

---

[2] *Id.*

[3] *HRS* § 806-22 (Supp. 1975) states:

"§806-22 *Joinder of charges against defendant.* When there are several charges against any person for the same act or transaction, or for two or more acts or transactions connected together, or for two or more acts or transactions of the same class of crimes or offenses, which may be properly joined, instead of having several indictments, informations, or complaints, the whole may be joined in separate counts in one indictment, information, or complaint. If two or more indictments, informations, or complaints are found or entered in such cases, the court or district judge may order them to be consolidated.

H.R.Cr.P. Rule 8(a) states:

(a) *Joinder of Offenses.* Two or more offenses may be charged in the same indictment or information in a separate count for each offense if the offenses charged, whether felonies or misdemeanors or both, are of the same or similar character or are based on the same act or transaction or on two or more acts or transactions connected together or constituting parts of a common scheme or plan.

conceded that initially joinder was proper under H.R.Cr.P. Rule 8(a).

When joinder of offenses is authorized under H.R.Cr.P. Rule 8(a), subsequent severance is controlled by H.R.Cr.P. Rule 14 which provides for separate trials where "it appears that a defendant . . . is prejudiced . . . by such joinder for trial . . . ." Upon appropriate motion under Rule 14, the trial court is under a duty to balance possible prejudice to the defendant from joinder with the public interest in efficient use of judicial time through joint trial of defendants and offenses which are connected. *See, e.g., Bradley v. United States,* 433 F.2d 1113, 1117, 1122 (D.C.Cir. 1969); *See also Parker v. United States,* 404 F.2d 1193, 1196 (9th Cir. 1968), *cert. den.,* 394 U.S. 1004 (1969); *United States v. Haim,* 218 F. Supp. 922 (SDNY 1963); *United States v. Teemer,* 214 F. Supp. 952 (ND W. Va. 1963).

Defendant correctly points out that a defendant has no right to a severance and that a motion to sever on grounds of prejudicial joinder is addressed to the sound discretion of the trial court. The Original Committee Note to Rule 14 of the Federal Rules of Criminal Procedure, the source of our rules, states:

> "This rule is a restatement of existing law under which severance and other similar relief is entirely in the discretion of the court (citations omitted)."

*See also, e.g., Bradley v. United States, supra; Tillman v. United States,* 406 F.2d 930 (5th Cir. 1969). The decision of the trial court will not be reversed absent a clear showing of abuse of discretion. *See, e.g., Blunt v. United States,* 404 F.2d 1283 (D.C. Cir. 1968), *cert. den.,* 394 U.S. 909 (1969); *Tillman v. United States, supra.* In connection with appellate review of a denial by a trial judge of a defendant's pre-trial motion for severance, we note that "[i]t is very difficult for the trial judge to make a finding on the prejudice issue before trial, as it involves speculation about many things which may or may not occur." Uniform Rules of Criminal Procedure, Comment to Rule 472(a), 10 U.L.A. at 235.

Under the Federal Rules of Criminal Procedure, from which our rules are derived, it has been held that a

defendant's motion under Rule 14 for a severance of counts due to prejudicial joinder must be renewed at the close of the prosecution's evidence or at the conclusion of all the evidence and unless made at that time it is deemed waived. *Finnegan v. United States*, 204 F.2d 105, 109 (8th Cir. 1953), *cert. den.*, 346 U.S. 821 (1953); *see also United States v. West*, 517 F.2d 483, 484 (8th Cir. 1975); *United States v. Figueroa-Paz*, 468 F.2d 1055, 1057 (9th Cir. 1972); *United States v. Porter*, 441 F.2d 1204, 1212 (8th Cir. 1971); *Semler v. United States*, 332 F.2d 6, 7 (9th Cir. 1964), *cert. den.*, 379 U.S. 831 (1964). In this regard, Professor Wright advises "The safe practice for counsel is to make the motion before trial and to renew it whenever he believes the existence of prejudice is shown." WRIGHT, 1 FEDERAL PRACTICE AND PROCEDURE § 221 at 434.

In the case at bar, defendant filed his pre-trial motion for severance on May 17, 1974. Subsequent to the denial of that motion, defendant filed a motion to dismiss Count I and a motion *In Limine*.[4] The court granted the motion to dismiss Count I[5] prior to the selection of the jury, on June 3, 1974. Trial on the remaining counts (II-V) ended on June 10, 1974 in a hung jury as to each count.

On June 20, 1974, Count VI, which charged the same offense as the count which had been dismissed, was added to the indictment by the grand jury. To Count VI, defendant pled not guilty. At no time did defendant move to sever Count VI. Nor did defendant renew his previous motion for severance prior to the second trial, which began on August 5, 1974. And although defendant did renew his previous motion *In Limine*[6] just prior to the beginning of the second trial, defen-

---

[4] The motion *In Limine* sought an order "limiting all evidence . . . pertaining to prior uncharged offenses and related acts involving" the victims.

[5] Count I charged defendant with violating Sec. 731(1)(b), Hawaii Penal Code, *i.e.*, having intercourse with a certain female under the age of 14, on December 26, 1973. The ground for the motion to dismiss was that no evidence was taken by the grand jury on a necessary element of the crime of statutory rape, *i.e.*, the age of the victim. The motion appears to have been unopposed by the State.

[6] This motion *In Limine* sought an order "limiting all evidence . . . pertaining to prior uncharged offenses and related acts by the Defendant which did not cause or threaten to cause serious bodily injury to the complainants or another person."

dant did not move for severance nor claim prejudice due to joinder at any time during the second trial.

We hold that defendant's failure to renew his motion for severance amounted to a waiver of the motion. After the completion of the first trial, defendant must have been aware of precisely what evidence the State had presented in that trial. Yet, with speculation thus narrowed considerably as to what would be presented in the second trial, defendant did not renew his motion either before or during the second trial. Indeed, at no time did he move to sever Count VI, the count as to which he now claims to have been embarrassed and confounded in his defense.[7] Although "at this distance we cannot probe the mind of [defendant's] counsel to learn of the considerations which prompted him not to" renew his motion, *United States v. Vida*, 370 F.2d 759, 765 (6th Cir. 1966), *cert. den.*, 387 U.S. 910 (1967), we observe that the jury in the first trial refused to convict defendant. Failure to renew the request for severance during the course of trial "at least suggests that the prejudice now asserted to have resulted from the joinder may not have seemed so substantial to defendant in the context of the trial(s)." *Williamson v. United States*, 310 F.2d 192, 197 (9th Cir. 1962). Having failed to complain at or before his second trial, we do not believe defendant can now urge that this trial was unfair as a result of the denial of his pre-trial motion.

As to the second specification of error, defendant cites four passages from the trial transcript where he claims "The trial court erred in admitting evidence of prior bad acts because they were more prejudicial than probative to the guilt of Appellant and therefore deprived him of a fair trial."

At trial defendant did not object at all to the admission of the testimony given in two of the passages. To the admission of the testimony given in the other two passages, defendant

---

[7] As to Count VI, defendant denied ever having sexual intercourse with the victim who was under 14 years of age. As to the four counts involving the four sisters who were over age 14, defendant admitted having sexual intercourse but denied that it was the product of "forcible compulsion."

objected only on grounds of hearsay. As these objections were addressed to testimony of statements made by the defendant himself, they were correctly overruled as the testimony admitted was not inadmissible hearsay. *Christensen v. State Farm Auto Ins.*, 52 Haw. 80. 470 P.2d 521 (1970); *United States v. Nixon*, 418 U.S. 683 (1974).

HRS § 641-16 (Supp. 1975), applicable to this case as amended in 1972, prohibits "reversal for any alleged error in the admission . . . of evidence . . . unless such alleged error was made the subject of an objection noted at the time it was committed or brought to the attention of the court in another appropriate manner." *See State v. Yoshida*, 45 Haw. 50, 361 P.2d 1032 (1961), *reh. den.*, 45 Haw. 82, 361 P.2d 1032 (1961). Therefore, the two allegedly inadmissible passages not objected to at all are not grounds for reversal by this court.

In *Choy v. Otaguro*, 32 Haw. 543 (1932), this court observed that "there can be no doubt that the making of an objection upon a specific ground is a waiver of all other objections." *Id.* at 556. In *State v. Dietz*, 115 N.W.2d 1 (N.D. 1962), the Supreme Court of North Dakota followed the general rule that

"Where specific grounds are stated in an objection, the implication is that there are no others or, if there are others, that they are waived. [Citations omitted]

"A specific objection overruled will be effective to the extent of the grounds specified and no further. [Citations omitted] " *Id.* 115 N.W.2d at 8.

An exception to the above quoted rule made for plain error[8] does not apply here because the admissibility of the evidence in this case is controlled by our decision in *State v. Iaukea*, 56 Haw. 343, 537 P.2d 724 (1975). In that case we pointed out that the "responsibility for maintaining the delicate balance between probative value and prejudicial effect lies largely within the discretion of the trial court." *Id.* 56 Haw. at 349, 537 P.2d at 729. Since the possible prejudicial effect of the testimony now objected to was not pointed out to the trial

---

[8] H.R.Cr.P. Rule 52(b).

judge, we find no abuse of discretion by the trial court. We hold, therefore, that there are no grounds in this case upon which to reverse the convictions.

Affirmed.

*Christopher D. Ferrara,* Deputy Public Defender *(Donald K. Tsukiyama,* Public Defender, of counsel), for defendant-appellant.

*Randolph R. Slaton,* Deputy Prosecuting Attorney *(Maurice Sapienza,* Prosecuting Attorney, of counsel), for plaintiff-appellee.