STATE OF HAWAI`I, Plaintiff-Appellee,
v.
NORMAN LEALAO, Defendant-Appellant.
No. 28700.
Intermediate Court of Appeals of Hawaii.
November 25, 2008.
On the briefs:
John M. Tonaki Public Defender, Karen T. Nakasone Deputy Public Defender, (Office of the Public Defender) for Defendant-Appellant.
Peter B. Carlisle Prosecuting Attorney, Anne K. Clarkin, Deputy Prosecuting Attorney, (City and County of Honolulu) for Plaintiff-Appellee.

SUMMARY DISPOSITION ORDER

NOT FOR PUBLICATION
WATANABE, Presiding Judge, NAKAMURA and LEONARD, JJ.
Defendant-Appellant Norman Lealao (Lealao) appeals from the Judgment entered on July 23, 2007, by the Circuit Court of the First Circuit (Circuit Court),[1] convicting him of assault against a law enforcement officer in violation of Hawaii Revised Statutes (HRS) § 707-712.6 (Supp. 2006). A jury found Lealao guilty as charged.
On appeal, Lealao raises two points of error: (1) the Circuit Court erred when it permitted improper opinion testimony regarding Lealao's degree of intoxication, which was irrelevant and prejudicial; and (2) there was insufficient evidence to sustain the conviction.
Upon careful review of the record and the briefs submitted by the parties, and having given due consideration to the arguments advanced, applicable authorities, and the issues raised, we resolve Lealao's points on appeal as follows:
(1) The perception of the alleged assault incident, as presented by the State's witnesses and Lealao's witnesses (including Lealao), was in dispute. Evidence of Lealao's degree of intoxication is relevant because it tends to show that Lealao's perception of the events was altered due to alcohol intoxication. The jury could determine the credibility and weight to give to Lealao's testimony in part based on the degree of his intoxication. See State v. Pond, 118 Hawai`i 452, 469, 193 P.3d 368, 385 (2008). In addition, a reckless state of mind can be established by acts, conduct, demeanor, and inferences from all of the circumstances of an incident, including evidence of a defendant's level of intoxication at the time of the incident. See, e.g., State v. Batson, 73 Haw. 236, 254, 831 P.2d 924, 934 (1992); see also, e.g., State v. Walton, 133 Ariz. 282, 290-91, 650 P.2d 1264, 1272-73 (App. 1982) (level of alcohol intoxication is relevant to defendant's mental state). Thus, the degree of Lealao's intoxication was relevant.
Because Officer Sagucio was not qualified as an expert, his testimony is evaluated as a lay opinion. See State v. Ferrer, 95 Hawai`i 409, 427, 23 P.3d 744, 762 (App. 2001). Foundation was required to establish that the officer's testimony was rationally based on his own perceptions and his personal knowledge of facts to which the observed facts are being compared. State v. Nishi, 9 Haw. App. 516, 521-22, 852 P.2d76, 479 (1993). A lay opinion must also be helpful to the jury. Id. Here, Officer Sagucio was asked if he had done investigations of people being under the influence. Officer Sagucio answered in the affirmative and described some of the characteristics of a person who would have been arrested for driving under the influence of alcohol (DUI). He also described the strong smell of alcohol coming from Lealao and his observation that Lealao was unsteady on his feet. It appears that Officer Sagucio's testimony was, consistent with Hawaii Rules of Evidence (HRE) Rule 701, (1) rationally based upon his perceptions, given his knowledge of characteristics of persons who have been arrested for DUI, and (2) helpful to the jury's determination of the events and Lealao's perceptions thereof. Officer Sagucio's testimony did not embrace the ultimate issue of whether Lealao assaulted a law enforcement officer.[2]
Although Lealao asserts on appeal that Officer Sagucio's testimony was prejudicial, Lealao did not object to the officer's testimony on the grounds that the testimony was prejudicial, confusing, or a waste of time under HRE Rule 403, and has waived the objection. State v. Matias, 57 Haw. 96, 101, 550 P.2d 900, 903-04 (1976) (making of objection upon a specific ground is a waiver of all other objections).
Even if the Rule 403 issue was not waived, the circuit court did not abuse its discretion in admitting the evidence. Lealao has not demonstrated that the probative value of the evidence was substantially outweighed by the danger of unfair prejudice, where, although the evidence was adverse to Lealao, there was no showing that the evidence had an undue tendency to suggest the jury's decision was reached on an improper basis. State v. Kassebeer, 118 Hawai`i 493, 507, 193 P.3d 409, 423 (2008). In this case, both Lealao and his sister admitted that he was at a bar drinking until closing; Lealao said he drank 10 beers prior to the incident. The jury could have reasonably believed that Lealao was impaired even without the officer's testimony. Lealao has failed to establish that he was unfairly prejudiced by this testimony. See HRE Rule 403; State v. Kassebeer, 118 Hawai`i 493, 507, 193 P.3d 409, 423 (2008).
(2) Viewing the evidence in the strongest light for the prosecution, pursuant to State v. Matavale, 115 Hawai`i 149, 157-58, 166 P.3d 322, 330-31 (2007), substantial evidence existed that Lealao recklessly caused bodily injury to a law enforcement officer who was engaged in the performance of a duty, in violation of HRS § 707-712.6.[3] Officer Alapa testified that he was a police officer with the Honolulu Police Department (HPD), employed and on duty on the date of the incident, and that he was wearing his uniform, including an HPD badge, when he was dispatched to the Aloha Tower Marketplace where a fight was reportedly in progress. Officer Alapa stated that he saw Lealao "being held back by other males yelling towards the other group of males attempting to break free." Officer Alapa and another officer stood between the two groups of people who were yelling at each other, and Officer Alapa "identified [himself] as a police officer" and yelled "Police" several times. The two groups engaged in fighting. Officer Alapa pulled a male "about four or six feet away from where that initial fight was", and when he saw "the crowd starting to get closer and closer," he observed Lealao come from the opposite direction of the crowd "approximately six to eight feet away" from him and "trotting" towards him and "when he got really close . . looked towards him, and . . . at that point [Lealao] was throwing a punch" that "made contact" with Officer Alapa's head. The blow scraped across Officer Alapa's forehead, causing pain and leaving a horizontal scratch as well as swelling, redness and bruising. Officer Alapa felt that the punch was directed at his facial area rather than at the male he was detaining and there was no other person in the area at the time.
Officer Sagucio testified that on the night in question, he observed Officer Alapa "taking down" Lealao who was shirtless and wearing red shorts. After identifying Lealao in court, Officer Sagucio stated that he arrested Lealao after being told by Officer Alapa "this guy hit me," with Officer Alapa indicating Lealao. Officer Sagucio did not see anyone in the immediate area where Officer Alapa and Lealao were on the ground. Lealao's reckless state of mind as to each element of the offense reasonably may be inferred from the foregoing circumstances. State v. Eastman, 81 Hawai`i 131, 141, 913 P.2d 57, 67 (1996).
For these reasons, we affirm the Circuit Court's July 23, 2007 Judgment.
NOTES
[1] The Honorable Renaldo D. Graulty.
[2] Contra State v. Vliet, 91 Hawai`i 288, 296-98, 983 P.2d 189, 197-99 (1999) (in a DUI case, where the officer "was attempting to offer a legal conclusion as to whether Vliet was DUI," the supreme court held that it was error to admit testimony that reached the ultimate legal conclusion; however, the error was harmless beyond a reasonable doubt in a bench trial because a judge is presumed not to be influenced by incompetent evidence).
[3] HRS § 707-712.6 provides:

Assault against a law enforcement officer in the second degree. (1) A person commits the offense of assault against a law enforcement officer in the second degree if the person recklessly causes bodily injury to a law enforcement officer who is engaged in the performance of duty.