STATE OF HAWAI'I, Plaintiff-Appellee,
v.
KENNETH MICHAEL WINFREY, Defendant-Appellant.
No. 28737.
Intermediate Court of Appeals of Hawaii.
April 29, 2009.
On the briefs:
James S. Tabe, Deputy Public Defender, for Defendant-Appellant.
Brian R. Vincent, Deputy Prosecuting Attorney, City and County of Honolulu, for Plaintiff-Appellee.

SUMMARY DISPOSITION ORDER
(By: NAKAMURA, Presiding Judge, FUJISE, and LEONARD, JJ.)
Defendant-Appellant Kenneth Michael Winfrey (Winfrey) appeals from the Judgment entered on August 3, 2007, in the District Court of the First Circuit, Honolulu Division .(district court).[1]
Winfrey was convicted of Excessive Speeding, a violation of Hawaii Revised Statutes (HRS) § 291C-105(a)(1) (2007).[2] On appeal, Winfrey contends that the district court erred by (1) admitting Officer Raleigh Lopes's (Officer Lopes) testimony regarding the results of the speed check or the accuracy of her speedometer; (2) admitting Officer Lopes's testimony regarding the speed check in violation of Winfrey's right to confrontation, (3) ruling the State was not required to prove Winfrey acted with a reckless state of mind in committing the offense; and (4) finding Winfrey guilty of the offense where there was insufficient evidence that Winfrey acted with a reckless state of mind.
Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the issues raised, arguments advanced and the applicable authority, we resolve Winfrey's points of error as follows:
(1) Winfrey waived his challenge to Officer Lopes's testimony regarding the results of the speed check as Winfrey failed to object on this basis at trial. State v. Vliet, 91 Hawai'i 288, 298-99, 983 P.2d 189, 199-200 (1999) (quoting Tabieros v. Clark Equip. Co., 85 Hawai'i 336, 379 n. 29, 944 P.2d 1279, 1322 n.2 9 (1997) (waiver when the trial objection differs from that pressed on appeal)). In any event, Officer Lopes's testimony regarding the results of the testing of her speedometer was admissible as a business record and sufficient to establish her speedometer's accuracy. State v. Ing, 53 Haw. 466, 468, 497 P.2d 575, 577 (1972).
(2) Similarly, Winfrey did not preserve his objection to the speed check testimony on the basis of his right to confrontation. State v. Konohia, 106 Hawai'i 517, 525, 107 P.3d 1190, 1198 (App. 2005) (citing State v. Matias, 57 Haw. 96, 100-01, 550 P.2d 900, 903-04 (1976)) ("Konohia did not object on these grounds at trial and therefore his claim is reviewed under the plain error standard."). There was no plain error here. Admission of the contents of the speed check card was not a violation of Winfrey's right of confrontation. Crawford v. Washington, 541 U.S. 36, 56 (2004) (business records are not testimonial in nature). Accord State v. Marshall, 114 Hawai'i 396, 401, 163 P.3d 199, 204 (App. 2007) (sworn statement by Intoxilyzer supervisor not testimonial, therefore not subject to Confrontation Clause).
(3) Winfrey misconstrues the district court's remarks in claiming that the district court ruled the offense of Excessive Speeding did not require proof of a reckless state of mind. A reckless state of mind requires the conscious disregard of a substantial and unjustifiable risk that the person's conduct is of the specified nature, that attendant circumstances exist, and that his conduct will cause the prohibited result. HRS §702-206(3) (1993). However, Winfrey's counsel argued that proof that Winfrey "drove the car at a minimum in the reckless manner" was required and that, n [t]here was no testimony that was given ... that my client drove his car in any other way that would, that caused other vehicles to swerve out of the way or to cause an accident." It was to Winfrey's argument that the district court was responding when it stated that it would not rule on the "state of mind argument" because Winfrey had not been charged with reckless driving. This was not error.
(4) There was sufficient evidence presented that Winfrey committed the offense of Excessive Speeding with the requisite reckless state of mind. Officer Lopes testified that Winfrey passed her vehicle as well as other vehicles and two forty-five-miles-per-hour signs as he drove at over seventy-five-miles -per -hour for over two-tenths of a mile. Based on this testimony, found by the district court to be credible, in the light most favorable to the State, State v. Grace, 107 Hawai'i 133, 139, 111 P.3d 28, 34 (App. 2005), there was sufficient evidence of Winfrey's reckless state of mind.
Therefore,
The Judgment entered on August 3, 2007 in the District Court of the First Circuit, Honolulu Division, is affirmed.
NOTES
[1] The Honorable Lenore K.J.H. Lee presided.
[2] HRS § 291C-105(a) (1) (formatting modified) provides: "No person shall drive a motor vehicle at a speed exceeding: (1) The applicable state or county speed limit by thirty miles per hour or more[.]"