RECKTENWALD, C.J.,
Concurring in the Result, in which NAKAYAMA, J., joins.
I concur in the result, but write separately since I believe that Walker’s Habitually Operating a Vehicle Under the Influence of an Intoxicant (HOVUII) charge adequately alleged the lesser-ineluded offense of Operating a Vehicle Under the Influence of an Intoxicant (OVUII) in light of our holding in State v. Tominiko, 126 Hawai'i 68, 266 P.3d 1122 (2011).
I agree that Walker’s HOVUII charge did not allege that his conduct took place “upon a public way, street, road or highway” (the “public road requirement”). Hawai'i Revised Statutes (HRS) § 291E-1 (2007); see State v. Wheeler, 121 Hawai'i 383, 391-93, 219 P.3d 1170, 1178-80 (2009). However, Walker never challenged the sufficiency of his HOVUII charge on the ground that it failed to define “operate,” i.e., allege the public road requirement. Accordingly, the Motta/Wells liberal construction standard[1] should apply as to this element, and based on that construction, the charge sufficiently alleged the lesser-ineluded OVUII offense.
In Tominiko, we held that an OVUII charge, which did not allege the public road requirement, was sufficient under the liberal construction standard. 126 Hawai'i at 76-77, 266 P.3d at 1130-31. We explained that “Count 3 alleged that Tominiko ‘did operate or use a motor vehicle upon a public street, road, or highway of the State of Hawai'i.... ’ Under the liberal construction standard, two counts can be read together.” Id. at 76, 226 P.3d at 1130 (citing Elliott, 77 Hawai'i at 312, 884 P.2d at 375; State v. Sprattling, 99 Hawai'i 312, 319, 55 P.3d 276, 283 (2002)).
Similarly, Walker’s case involved multiple counts that, when read together, sufficiently charged the public road requirement with respect to the HOVUII offense, and the lesser-ineluded OVUII offense. Count I alleged the HOVUII offense, while in Count III, the State alleged the offense of Consuming or Possessing Intoxicating Liquor While Operating a Motor Vehicle in violation of HRS § 291-3.1(b) (2007).[2] Specifically, in Count III the State alleged that on or about the same date as the HOVUII offense, Walker committed the offense of Consuming or Possessing Intoxicating Liquor While Operating a Motor Vehicle, in that he did possess an open or partially empty bottle of intoxicating liquor “while operating a motor vehicle under a public street, road, or highway[.]” Accordingly, in this ease “[u]nder the liberal construction standard, [Counts I and III] can be read together[,]” and as in Tominiko, Walk *494 er’s charge sufficiently alleged the lesser-included OVUII offense. 126 Hawai'i at 76, 266 P.3d at 1130.
I recognize that there is a potential distinction between this case and Tominiko, in that Walker did challenge the sufficiency of his HOVUII charge at the circuit court on the ground that it failed to allege he had three prior OVUII convictions within ten years of the present offense, while Tominiko did not raise any challenge to the sufficiency of the charge against him. Id. at 72, 266 P.3d at 1126. However, I believe that in challenging the sufficiency of a charge, the defendant must be specific in identifying the way in which the charge is defective, so that the court can take appropriate action to address the deficiency. This is the rule that we apply to evidentiary objections, see Hawai'i Rules of Evidence Rule 103(a)(1) (requiring that objections must be “specific” and “timely”); State v. Matias, 57 Haw. 96, 101, 550 P.2d 900, 904 (1976) (holding that “there can be no doubt that the making of an objection upon a specific ground is a waiver of all other objections”) (internal quotation marks and citation omitted), and there is no apparent reason why a different rule should apply to challenges to the sufficiency of an indictment.[3]
Here, Walker made a specific objection to the HOVUII charge based on its failure to allege he had three prior OVUII convictions within 10 years of the present offense. However, Walker did not allege before the circuit court, the Intermediate Court of Appeals (ICA), or this court that the public road requirement was missing from his HOVUII charge or the lesser-included OVUII offense. Accordingly, the Motta/Wells liberal construction standard applies here, and under that standard, the charge adequately alleged the lesser-included offense of OVUII. See Tominiko, 126 Hawai'i at 76, 266 P.3d at 1130-31.
Nevertheless, the ICA had the discretion to vacate Walker’s conviction for HOVUII and remand the case with instructions to dismiss that count without prejudice. See Wheeler, 121 Hawai'i at 390, 400, 219 P.3d at 1177, 1187. Since I believe that the ICA properly exercised that discretion, I concur in the result.

. "Under the 'MottafWells post-conviction liberal construction rule,’ we liberally construe charges challenged for the first time on appeal.” Wheeler, 121 Hawai'i at 399, 219 P.3d at 1186 (citing State v. Merino, 81 Hawai'i 198, 212, 915 P.2d 672, 686 (1996); State v. Wells, 78 Hawai'i 373, 381, 894 P.2d 70, 78 (1995); State v. Elliott, 77 Hawai'i 309, 311, 884 P.2d 372, 374 (1994); State v. Motta, 66 Haw. 89, 90, 657 P.2d 1019, 1019-20 (1983)). More specifically, under this rule, a conviction on a defective charge will not be reversed “unless the defendant can show prejudice or that the indictment [or complaint] cannot within reason be construed to charge a crime.” Id. at 400, 219 P.3d at 1187 (quoting Merino, 81 Hawai'i at 212, 915 P.2d at 686).

. HRS § 291-3.1(b) provides in pertinent part:
No person shall possess, while operating a motor vehicle or moped upon any public street, road, or highway, any bottle, can, or other receptacle containing any intoxicating liquor which has been opened, or a seal broken, or the contents of which have been partially removed.
(Emphasis added).

. This approach is consistent with our analysis in Wheeler. Defense counsel in Wheeler objected generally to the sufficiency of the charge prior to trial, but did not specifically reference the term "operate.” 121 Hawai'i at 387, 219 P.3d at 1174. Citing Hawai'i Rules of Penal Procedure Rule 47(a), we noted that an argument could be made that Wheeler's objection was not specific enough to preserve it on appeal. Id. at 396 n. 14, 219 P.3d at 1183 n. 14 (citing United States v. Crowley, 236 F.3d 104, 106 (2d. Cir.2000) (holding that "to raise a pretrial objection to the specificity of an indictment within the meaning of Federal Rule of Criminal Procedure 12(b)(2), a defendant must apprise the District Court of those particular portions of the indictment that are lacking in the requisite specificity, and explain why, in the circumstances, greater specificity is required”)). However, we did not address that argument because the State had not raised it in its Application. Id. ("Although timely made, it could be argued that Wheeler's motion to dismiss was insufficient because it did not adequately state ‘the grounds upon which it was made.’ However, we do not address that issue here because the State did not raise it in its Application, and the district court denied Wheeler’s [Ha-wai'i Rules of Penal Procedure] Rule 29 motion even after defense counsel fully explained the grounds for Wheeler's motion to dismiss.”) (internal citations omitted).